# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DARREN L. HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 410 |
| | ) |
| THOMAS DART, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cook County Sheriff Thomas Dart's motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Darren L. Hopkins (Hopkins) is allegedly a detainee confined by the Cook County Department of Corrections. Hopkins alleges that on November 10, 2014, in an inmate common area, Hopkins was punched in the face by another inmate during a physical altercation (Altercation). Hopkins claims that a nearby prison guard watched the fight and did not try to break-up the Altercation. Hopkins also contends that he was not given prompt medical care after the Altercation.

1

Hopkins contends that his constitutional rights were violated and brings a claim against Defendant pursuant to 42 U.S.C. § 1983 (Section 1983). On June 5, 2015, this court granted Hopkins leave to proceed *in forma pauperis* and appointed counsel to represent him. On November 11, 2015, the court granted his counsel's motion to withdraw, and Hopkins is again proceeding *pro se*. Defendant now moves to dismiss the claims in the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

Defendant moves to dismiss the individual capacity claims and the official capacity claims.

I.  Individual Capacity Claim

Defendant argues that Hopkins had failed to allege sufficient facts to suggest individual liability by Defendant.  A plaintiff bringing a Section 1983 cannot hold a supervisor liable under the doctrine of *respondeat superior* "for conduct of a subordinate that violates a plaintiff's constitutional rights."  *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)(internal quotations omitted)(quoting *Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 471 (7th Cir. 1997))(stating that "[s]upervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it" and that "[t]he supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see").  In the instant action, Hopkins fails to allege facts that would suggest that Defendant, as the Cook County Sheriff, would have any personal knowledge of or personal involvement in dealing

with the Altercation or the immediate medical treatment after the Altercation. Nor has Hopkins provided allegations that would suggest personal knowledge on the part of Defendant that would suggest deliberate indifference to a substantial risk to Hopkins' health or safety. *See Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 (7th Cir. 2016)(stating that "[d]eliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to the prisoner exists, but intentionally or recklessly disregards that risk"(internal quotations omitted)(quoting *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)). The Seventh Circuit has indicated that "the personal involvement of senior jail officials, such as Dart, can be inferred at the motion to dismiss stage, where . . . the plaintiff alleges potentially systemic, as opposed to clearly localized, constitutional violations." *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015). In the instant action, however, the allegations merely relate to one isolated incident. There are not allegations in the amended complaint that would suggest any systemic basis for any alleged constitutional violations. Hopkins argues in response to the instant motion that "[p]ursuant to municipal and supervisory liability, Thomas Dart is totally liable for his employee's actions." (Resp. 1). As explained above, the doctrine of *respondeat* superior is not available for Section 1983 claims and a supervisor is not "totally liable" for a subordinate's actions. Hopkins cannot hold Defendant individually liable merely based on his supervisory status. Therefore, Defendant's motion to dismiss the individual capacity claim is granted.

II. Official Capacity Claims

Defendant argues that Hopkins had failed to allege sufficient facts to suggest official liability. A plaintiff can pursue a Section 1983 *Monell* claim against a municipal entity if the plaintiff can show that "the defendant['s] official policy, widespread custom, or action by an official with policy-making authority was the moving force behind his constitutional injury." *Daniel v. Cook Cty.*, 2016 WL 4254934, at *4 (7th Cir. 2016)(internal quotations omitted)(quoting *Dixon v. County of Cook*, 819 F.3d 343, 348 (7th Cir. 2016))(stating that "[a]n unconstitutional policy can include both implicit policies as well as a gap in expressed policies"). In the instant action, Hopkins alleges that one prison guard chose not to intervene in a fight on one occasion and that certain medical staff did not provide him prompt medical care on that occasion. There are not allegations in the amended complaint that suggest that the alleged misconduct was the result of any county custom or policy or the decision of any person with policy-making authority. Hopkins has thus failed to state a valid *Monell* claim. Therefore, Defendant's motion to dismiss the official capacity claims is granted.

## CONCLUSION

Based on the foregoing analysis, Defendant's motion to dismiss is granted.


                                  _____
                                  Samuel Der-Yeghiayan
                                  United States District Court Judge

Dated:   October 20, 2016